NATIONAL RUBBER CO. (COHN v.). See Case No. 2,968.

---

## Case No. 10,050.

### NATIONAL SCHOOL FURNITURE CO. v. PATON. et al.

[16 Blatchf. 563; 4 Ban. & A. 432.] [1]

Circuit Court, S. D. New York. August 4, 1879.

PATENTS—INFRINGEMENT—PROCEEDINGS FOR CONTEMPT—MOTION TO DISSOLVE INJUNCTION—WHAT CONSIDERED.

Where a defendant, in opposing a motion for a preliminary injunction to restrain the infringement of a patent, which was granted, and in afterwards opposing a motion to punish him for a contempt in violating such injunction by making and selling a certain form of school desk, neglected to present to the court alleged facts as to his own manufacture and sale of such form of school desk at a date early enough to anticipate the patent, it was *held* that he ought not to be afterwards allowed to present such alleged facts, on a motion to dissolve such injunction.

[This was a suit by the National School Furniture Company against Robert Paton and others for infringement of patent on desks.]

Frederic H. Betts, for plaintiff.

Francis Forbes, for defendants.

BLATCHFORD, Circuit Judge. An injunction has been granted in this case, on patent No. 115,232. On a motion to punish the defendants for a contempt for violating that injunction, a certain form of desk, called by the defendants, a "normal desk," with a book-rest attachment, was held to be an infringement of said patent, and the defendants were held guilty of a contempt in violating said injunction, by making and selling said "normal desk" with said attachment. They now come in and move to dissolve the injunction for the future, as respects said "normal desk" with such attachment, on affidavits which they claim show that they actually made such form of "normal desk" with such attachment, as early as the year 1866. certainly as early as the year 1869, and before the invention covered by the plaintiff's patent was made, such patent having been issued in 1871. This form of desk, so alleged to have been made by the defendants in 1866 is claimed to have been made by them for Mr. Van Norman. Yet, neither in opposition to the motion for an injunction, nor in opposition to the motion to punish them for contempt in making such form of desk, did they, or either of them, or their foreman. or Mr. Van Norman, or any one else, testify that such form of desk had been made by them as early as the time now alleged. So far from this, in opposing the motion for an injunction, the defendants testified to, and produced a form of desk which they had made for Mr. Van Norman prior to the plaintiff's invention, but which was not the form now in question—the "normal desk" with the book-rest attachment. They had their books, their recollection, that of their foreman, capacity to find Mr. Van Norman, and the testimony as to the desk would have been as useful to them then as now, and they must have so understood it. Still more. in opposition to the contempt motion, the defendant Robert Paton testified, that he had made the "normal desk," with the book-rest attachment, "for several years," but assigned no specific date earlier than July. 1875. Under such circumstances, the defendants ought not to be heard to allege matter claimed to have been then existing, which they thus neglected to present to the court. and have the benefit of it now to dissolve an injunction properly granted. Woolworth v. Rogers [Case No. 18,018]. If this rule ought to be relaxed in any case, this is not one. The excuses offered by the defendants for not sooner bringing in the evidence now offered, are not, on all the facts before the court. satisfactory, and, under all the circumstances, the court cannot but regard it as doubtful whether in fact the defendants made any "normal desk" with the book-rest attachment, at an earlier date than that of the plaintiff's invention. The motion is. therefore, denied.

[In another case, at a later date. this patent was held void. See Peard v. Johnson, 23 Fed. 507.]

---

NATIONAL SHOE-TOE PROTECTOR CO. (AMERICAN SHOE-TIP CO. v.). See Case No. 317.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. and Hubert A. Banning, Esq.. and Henry Arden, Esq.; and here republished by permission.]